# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| HAZEL SCOTT YOUNG | : | |
| Plaintiff, | : | |
| v. | : | CA 10-0531-C |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION & ORDER

Plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 21 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); Doc. 22) Upon consideration of the administrative record ("R.") (Doc. 12), plaintiff's brief (Doc. 14), the Commissioner's brief (Doc. 17), and the arguments made by the parties at the May 25, 2011 Hearing, it is determined that the Commissioner's decision denying plaintiff benefits should be affirmed.[1]

---

[1] Any appeal taken from this memorandum opinion and order and

## RELEVANT BACKGROUND

In June 2007, plaintiff filed applications under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83c, respectively (R. 122-27), claiming she became disable on April 1, 2007, due to back, knee, and leg impairments, high blood pressure, and carpal tunnel syndrome (R. 145). Plaintiff's claims were initially denied on September 12, 2007. (R. 66-79.) She then requested a hearing before an administrative law judge (the "ALJ") (R. 82-84), which was held on April 29, 2009 (R. 19-65). The ALJ found that plaintiff was not disabled (R. 10-18), and the Appeals Council declined review of that decision (R. 1-5).

In her October 7, 2009 decision, the ALJ found that because plaintiff has performed work at a substantial gainful activity ("SGA") on a continuous basis since the alleged onset date, there is no continuous 12 months during which she was not engaging in substantial gainful activity. (R. 15-18.) At the time of the decision, plaintiff had been employed as a nanny since October 2001, and earned more than $18,000 annually from her employers. (R. 15.) She testified, however, that because of her disability, she now did little work other than monitoring the children and that her employers have accommodated her because she was "just like a part of [the] family" and had been with them for many years, earning their children's trust. (R. 31-37).

---

judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 21 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

A vocational expert (the "VE") testified that the job plaintiff performed—prior to her disability—was as a child monitor or nanny. (R. 59-60.) Since her claimed disability, the VE testified that the job "she's doing right now . . . would not fit any profile in the Dictionary of Occupational Titles." (R. 61.) The VE further explained, "most nannies are there when the children are there, and she spends a great deal of time being paid staying at the house really not doing anything, and that's why I'm saying it doesn't fit any DOT profile of a real competitive job in the labor market." (R. 61-62.) The ALJ chose to give no weight to the conclusion of the VE, stating: "The fact that the claimant does not perform a job at the medium level of exertion has no bearing on whether it is substantial gainful activity. In spite of the minimal exertional requirements of the job as performed by the claimant, she is employed full-time and provides a service which is valuable to her employer." (R. 17.)

## **STANDARD OF REVIEW**

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful

3

employment that exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Social Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

## **ANALYSIS**

This appeal turns on whether the ALJ's determination that plaintiff has engaged in SGA since the alleged onset date of April 1, 2007 (R. 15-17) is supported by substantial

evidence. As this Court explained in *Baker v. Astrue*, Civil Action No. 08-00598-N, 2009 WL 2612204 (S.D. Ala. Aug. 21, 2009),

> [s]ubstantial gainful activity is defined as work activity that involves significant physical or mental activities and that is done for pay or profit. *See* 20 C.F.R. § 404.1572. The regulation further provides that work may be substantial even if an individual does less, or has less responsibility than when he worked before. *Id.* The regulation also provides that "[i]n evaluating your work activity for substantial gainful activity purposes, our primary consideration will be the earnings you derive from the work activity." *See* 20 C.F.R. § 404.1574; Social Security Ruling (SSR) 83-33. The average amount of earnings that an individual makes in a year is indeed the primary guide used by the agency in determining the existence of substantial gainful activity. *See* 20 C.F.R. § 404.1574. According to the regulations, if Plaintiff worked for substantial earnings, the agency will find that Plaintiff engaged in substantial gainful activity. *Id.*

*Id.* at *3; *see also Gyore v. Astrue*, No. CV-07-13-PHX-DGC, 2008 WL 490623, at *2 (D. Ariz. Feb. 20, 2008) ("SGA is work done for pay or profit that involves significant physical or mental activities.") (citing 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b)). However, the presumption that a person is engaged in SGA because they earn a certain amount (*see* 20 C.F.R. § 404.1574(b)(2)) may be rebutted.

> To determine the salary attributable to substantial gainful activity, the regulations specify that only salary earned through work attributable to the worker's productivity is to be considered. 20 C.F.R. § 404.1574(a)(2). Any salary not attributable to the worker's productivity may be considered an employer subsidy and is not included in the SGA analysis. *Id.*; *see also* Soc. Sec. Ruling 83-33 at 96 ("it is necessary to ascertain what portion of the individual's earnings represents the actual value of the work he or she performed").

*Smith v. Chater*, 73 F.3d 370, 1995 WL 766303, at *4 (9th Cir. Dec. 29, 1995) (unpublished).[2]

---

[2] *See also Malatesta v. Astrue*, No. 1:07-cv-1219 (GLS), 2010 WL 3724033 (N.D.N.Y. Sep. 15, 2010):

5

Plaintiff contends that the ALJ's inquiry should not have ended with her conclusion that plaintiff "is employed full-time and provides a service which is valuable to her employer." (Doc. 14 at 2 (citing R. 17) & 8.) According to plaintiff, the ALJ should have considered whether the work was done under "special conditions" per 20 C.F.R. § 404.1573(c) (Doc. 14 at 8-12), and although that section of the regulations was

---

> In evaluating the substantialness and gainfulness of the plaintiff's work activity, the Commissioner's "primary consideration will be the earnings [the plaintiff] derive[s] from the work activity," unless the Commissioner has information from the plaintiff, his employer, or others showing that not all of his earnings should be considered. 20 C.F.R. § 404.1574(a)(1); *see also* Social Security Ruling (SSR) 83-33, 1983 WL 31255, at *1 (S.S.A. 1983) ("[E]arnings provide[ ] an objective and feasible measurement of work."). [For example, f]or the period between July 1999 and December 2000, the regulations stipulate that monthly earnings that average more than $700 "ordinarily show that [a plaintiff] ha[s] engaged in substantial gainful activity," 20 C.F.R. § 404.1574(b)(2)(i), whereby a rebuttable presumption arises that the [plaintiff] is no longer "disabled" for the purpose of obtaining benefits. In order to determine which earnings represent the "actual value of the work" performed, the Commissioner must first ascertain the plaintiff's gross or total earnings, including any payments made in kind in lieu of cash. *See* SSR 83-33, 1983 WL 31255, at *2. The Commissioner must then deduct any subsidized earnings provided by the employer and any impairment-related work expenses paid by the employee. *See id.* Work is subsidized "if the true value of [the plaintiff's] work, when compared with the same or similar work done by unimpaired persons, is less than the actual amount of earnings paid." 20 C.F.R. § 404.1574(a)(2); *see also Smith v. Chater*, 73 F.3d 370, 1995 WL 766303, at *4 (9th Cir. 1995) (unpublished) ("Any salary not attributable to the worker's productivity may be considered an employer subsidy and is not included in the [substantial gainful activity] analysis." (citations omitted)). The remaining amount represents the actual value of work performed and is therefore referred to as "countable earnings." *See* SSR 83-33, 1983 WL 31255, at *2.

*Id.* at *2 (some internal citations omitted).

cited by the ALJ (R. 16)—and the decision lists examples of special conditions (R. at 16-17)—plaintiff contends that the ALJ failed to conduct a sufficient analysis (Doc. 14 at 8-12). But, instead, concluded—without discussing 20 C.F.R. § 404.1574—that "the evidence as a whole does not indicate that the claimant's employment should be considered subsidized or sheltered." (R. at 16-17.) On appeal, plaintiff insists that there is substantial evidence that she was paid more than the reasonable value of the services performed, and that under the applicable regulations (*see* 20 C.F.R. § 404.1574(a)(2); SSR 83-33), "the true value of [her] work, when compared with the same or similar work done by unimpaired persons, is less than the actual amount of the earnings paid to [her] for her work." (Doc. 14 at 10.) Plaintiff thus contends that she was "significantly subsidized by her employer due to the long term relationship with the family," and "[t]hough this work activity may technically be construed as being valuable to the employer, there is no doubt that [she was] being paid much more than the actual services performed." (*Id.* at 11-12.)

The Commissioner counters that plaintiff's monthly earnings—approximately $1,500 for the applicable period (Doc. 17 at 3 & 6 (citations omitted))—exceeded the regulatory earnings figure (between $900, in 2007, and $980, in 2009) for showing presumptive substantial gainful activity. (*Id.* at 6 (citations omitted).) While the Commissioner concedes that that presumption can be rebutted with evidence regarding the nature of the work, the adequacy of performance, and the conditions of work, *see* 20 C.F.R. § 404.1573, he contends that the ALJ addressed "special conditions" under 20

C.F.R. § 404.1573(c) in her decision (*see* R. at 16-17), finding that the "record as a whole did not indicate that Plaintiff's employment could be considered subsidized or sheltered" (Doc. 17 at 7-8), and thus, her decision is supported by substantial evidence.

Although the ALJ did not conduct an analysis to determine whether plaintiff's income during the applicable period was subsidized,[3] there is substantial evidence in the record to conclude that such an analysis was not necessary because—based on the value of the service plaintiff was providing her employers—she was engaged in SGA.

The facts of this case are analogous to those presented in *Thomas v. Astrue*, 359 Fed. App'x 761 (9th Cir. 2009), in which a panel of the Ninth Circuit Court of Appeals affirmed the opinion of the district court upholding the finding of an ALJ that the plaintiff, like plaintiff here, "was not eligible for benefits because she had engaged in

---

[3] Several courts have held that an ALJ's failure to meaningfully analyze the subsidy issue pursuant to either SSR 83-33 or 20 C.F.R. § 404.1574 or § 416.974, where appropriate, may necessitate remand. *See Atkinson v. Astrue*, Civil No. 08-cv-00646-LTB, 2009 WL 198027, at *4 (D. Colo. Jan. 28, 2009) (an ALJ's decision "devoid of any substantive analysis relating to the tests used to determine Plaintiff's SGA as set forth in SSR 83-33 and 20 C.F.R. § 404.1574 and § 416.974" should be remanded); *Solenberger v. Apfel*, No. 97-4207-SAC, 1999 WL 319081, at *8-9 (D. Kan. Feb. 17, 1999) ("[a]lthough the ALJ considered some facts in addition to Solenberger' 1985 earnings in concluding that she performed substantial gainful activity, the ALJ's opinion fails to adequately consider and discuss the factors set forth in 20 C.F.R. § 404.1574," and thus, necessitated a remand); *Ting v. Apfel*, No. C9803798 TEH, 2000 WL 274189, at *3 (N.D. Cal. Mar. 3, 2000) (reversing and remanding where the Commissioner failed to respond to Plaintiff's advancement of SSR 83-33 and presentation of "a ***plausible*** argument for a reduction in her 'countable earnings' based on the concept of subsidies described in SSR 83-33," which "could lead to a finding that Plaintiff did not engage in substantial gainful activity") (emphasis added); *but see Solenberger*, 1999 WL 319081, at *8 (ALJ "primarily relied upon a mathematical analysis of [the plaintiffs'] earnings and ignored testimonial evidence—unlike the ALJ in the instant matter).

substantial gainful activity during the alleged period of disability." *Id.* at 762. In *Thomas* — as the ALJ in this case also found — plaintiff's "earnings surpassed the monthly maximum set by Social Security regulations," and "[b]ased on this evidence, the ALJ properly found that Thomas' earnings created a presumption of substantial gainful activity." *Id.* at 762-63. Thomas, like plaintiff here, also argued that

> the ALJ erred in finding that the presumption applied because the ALJ did not reduce her earnings by the "subsidy" that she was paid, as required under 20 C.F.R. § 404.1574(a)(2). Thomas[—a grandmother paid by her daughter to care for the grandchildren while her daughter worked nights—]claim[ed] that because her tasks were minimal and she was asleep for the majority of her work hours, she was paid more than the true value of her work and therefore her countable earnings should have been reduced. According to Thomas, if her earnings had been properly reduced, the presumption would not have applied.

*Id.* at 763.

The Ninth Circuit concluded that the evidence in the record established that Thomas was not paid a subsidy because:

> Even while she was asleep, Thomas was expected to be on call, and would have attended to any emergency that arose during the night. ***In this way, by her mere presence Thomas provided value that justified the money earned over the whole night.*** Thomas also [did] not provide evidence that she was paid less than her true value. She[, instead, pointed] to evidence that she performed lesser tasks than a standard "child monitor," but identifie[d] no evidence that she performed lesser tasks than an unimpaired person would have performed in the same position, which is the relevant comparison for determining whether a subsidy has been received. *See* 20 C.F.R. § 404.1574(a)(2).

*Id.* (emphasis added). The court thus concluded that "[t]he evidence cited by Thomas [did] not show that she was paid more than the true value of her work, and therefore the ALJ did not err in failing to find that she was paid a subsidy." *Id.*

9

As was the case in *Thomas*, there is substantial evidence in the record here to conclude, as the ALJ did, that—despite her inability to do much more than watch the children—plaintiff's *mere* "availability on a full-time basis to supervise the children and get them to and from school and activities represents a valuable service to her employer, even though that availability entails a certain amount of inactivity." (R. at 17.) *Cf. Thomas*, 359 Fed. App'x at 763 (concluding that even when asleep, plaintiff's mere presence—and availability to attend to the children if needed—provided considerable value to her employer-daughter). Plaintiff's limited work responsibilities (as compared to what she was able to do prior to her claimed disability), moreover, may nevertheless be considered substantial because she served as the children's sole caretaker in the absence of their parents. (R. at 34 (plaintiff testified that even after her claimed onset date, she continued to supervise the children—going wherever they may go (to another room, outside, etc.)). *Cf. Thomas*, 359 Fed. App'x at 763 (rejecting plaintiff's argument "that during her work hours her only duty was to be present and available, and this low level of performance rebuts the presumption of substantial gainful activity," finding that "[w]hile it is true that her work responsibilities were limited, there is countervailing evidence in the record establishing that her work was substantial," including that "she was responsible for addressing any emergency that might arise"). Finally, based on *Thomas*, and this Court's discussion of its applicability to the facts of this case, the ALJ's decision not to credit the testimony of the VE—that plaintiff's work was not a "real job"—was not error.

## CONCLUSION

The Court finds that the ALJ's determination that plaintiff has engaged in SGA since the alleged onset date of April 1, 2007 is supported by substantial evidence. And accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be **AFFIRMED**.

**DONE** this the 22nd day of June, 2011.

s/WILLIAM E. CASSADY<br>
**UNITED STATES MAGISTRATE JUDGE**